UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dae'Von Hezzie Williams, | ) | C/A No.  4:13-90-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| Dillon County Sheriffs Department; | ) | |
| Bobby Moody, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a pretrial detainee currently housed at the Dillon County Detention Center.  Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.  Having reviewed the pleadings in accordance with applicable law, the undersigned concludes that the Complaint should be summarily dismissed.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and § 1915A, and the Prison Litigation Reform Act ("PLRA"). This review has been conducted in light of the following precedents:  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding

with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case, or an individual claim, upon a finding that it "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2)(B).  A finding of frivolity can be made where the claim(s) "lacks an arguable basis either in law or in fact."  *See Denton v. Hernandez*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *See Neitzke v. Williams*, 490 U.S. at 327.

This court is required to liberally construe pro se complaints.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Such complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a pro se complaint, the plaintiff's factual allegations are assumed to be true.  *Erickson*, 551 U.S. at 93 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Thus, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court.  *See*

*Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Iqbal*, 556 U.S. 662 (outlining pleading requirements under the Federal Rules of Civil Procedure). The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. *Iqbal*, 556 U.S. at 677-78; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[*] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Additionally, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

## Background

According to his Complaint, on August 31, 2012, Plaintiff was doing yard work for Defendant Bobby Moody. While Plaintiff was working in the yard, Moody accused him of taking some items from Moody's house, pulled out a gun, and pointed it at Plaintiff. Using his cell phone, Plaintiff called "911." The dispatcher told Plaintiff that officers were in route, and Plaintiff hung up the phone.

---

[*] Although the *Iqbal* Court was addressing pleading standards in the procedural context of a motion under Federal Rule of Civil Procedure 12(b)(6), this court finds that those standards also apply in its initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, as *Iqbal* discusses the general pleading standards of Rule 8 of the Federal Rules of Civil Procedure, which apply in all civil actions. *Iqbal*, 556 U.S. at 677-80. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Federal Rule of Civil Procedure 12(b)(6). *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

Plaintiff started to leave Moody's yard, but Moody pursued him. Plaintiff again called 911, while being held at gunpoint. Moody told Plaintiff to return to the yard, but Plaintiff walked away. Moody again pursued Plaintiff, and when Plaintiff attempted to call 911, Moody fired shots.

When officers arrived, they did not secure Moody's weapon, but rather, arrested Plaintiff. "Officer Grainger" told Plaintiff that officers did not take Moody's gun for political reasons, as Moody is a councilman. Further, officers did not allow Plaintiff to press charges against Moody.

Plaintiff asks this court to award him $2,000 for every day he spends in jail; $2,000,000 for Moody's "miscarriage of justice"; and $10,000,000 for Defendant Dillon County Sheriff's Department's "miscarriage of justice." ECF No. 1 at 5.

Analysis

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). This statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

The Complaint seeks monetary damages for constitutional violations related to Plaintiff's state criminal proceedings. In the case *sub judice*, Defendant Bobby Moody, although allegedly a "council member," was acting as a private homeowner when engaged in the complained-of actions. With few

4

exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-43 (4th Cir. 2000). Here, the Complaint alleges no facts that could show Defendant Moody was a state actor or acted in joint activity with a state actor. Thus, Plaintiff has not alleged a claim cognizable under § 1983 for violation of his constitutional rights.

Further, Defendant Dillon County Sheriff's Department ("DCSD") is not subject to suit under § 1983. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F. Supp. 844, 846 (D.S.C. 1994) (finding suit against the sheriff's office is suit against the state). As an agency of the state, DCSD is immune from suit under the Eleventh Amendment. *Stewart v. Beaufort Cnty.*, 481 F. Supp. 2d. 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (neither the state nor its agencies is a "person" within § 1983).

To the extent that Plaintiff claims he is being held pursuant to the wrongful institution of legal process, he is attempting to recover for "malicious prosecution." *See Wallace v. Kato*, 549 U.S. 384, 390 (2007). However, to state a § 1983 malicious prosecution claim for a seizure in violation of the Fourth Amendment, (i) the seizure must be "pursuant to legal process that was not supported by probable cause" *and* (ii) "[the] criminal proceedings [must have] terminated in [plaintiff's] favor." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996). The Complaint does not allege that Plaintiff's criminal proceedings have terminated in his favor, so he has failed to support a malicious prosecution claim, and he is barred from recovery therefor.

## Recommendation

It is recommended that the Complaint be dismissed without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

February 19, 2013                                             Kaymani D. West
Florence, South Carolina                                      United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).